UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHIOMA MARIELLEN EZEUGWU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MERIT SYSTEMS PROTECTION BOARD, *et al.*, )<br>)<br>Defendants. ) | Civil Action No.  25-1857 (UNA) |

### MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2), her *pro se* complaint (ECF No. 1, "Compl."), and motion for a temporary restraining order and preliminary injunction (ECF No. 3).  The Court GRANTS the application, DISMISSES the complaint, and DENIES the motion for injunctive relief as moot.

Plaintiff, a federal government employee with the Department of the Navy, alleges that the Navy retaliated against her for having engaged in protected whistleblower activity and discriminated against her on the basis of her disability.  *See* Compl. ¶¶ 1-15.[1]  She has two pending matters before the Merit Systems Protection Board ("MSPB"), both assigned to Administrative Judge Jennifer Cassell ("AJ Cassell").  *See id*. at 2; *see also id*. ¶¶ 21–22.  Suffice it to say that plaintiff is dissatisfied with AJ Cassell's management of the cases.  According to plaintiff, AJ Cassel "demonstrate[s] systemic bias favoring the agency while applying strict standards to [her]."  *Id*. ¶ 21.  For example, AJ Cassell allegedly violates plaintiff's Fifth Amendment rights to due process and equal protection of the law, *see generally id*. ¶¶ 49–69, 78–82, by permitting agency

---

[1]  Plaintiff alleges she received a Notice of Proposed Removal dated April 25, 2025.  *See* Compl. ¶ 14.  It is unclear whether her employment with the Navy has been terminated.

1

counsel to file documents after their deadlines had passed, *see, e.g., id*. ¶¶ 24, 35–38, 53; denying plaintiff's motions to strike the agency's untimely filings, *see, e.g., id*. ¶¶ 25-27, 45; and striking certain of plaintiff's submissions, *see, e.g., id*. ¶¶ 39-42.  Plaintiff asks this Court for a declaratory judgment, and an order enjoining any further MSPB proceedings before AJ Cassell and compelling reassignment of plaintiff's MSPB matters to another AJ, among other relief.  *See id*. at 11-12.[2]

Generally, federal district courts do not involve themselves in ongoing administrative proceedings.  *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 616 F.2d 1363, 1368 (5th Cir. 1980) (applying "general rule prohibiting immediate review of non-final procedural rulings . . . to administrative proceedings"); *Babcock & Wilcox Co. v. Marshall*, 610 F.2d 1128, 1136 (3d Cir. 1979) (rejecting company's argument "that the factual record for constitutional claims must be developed by an Article III district court rather than by the Article I Review Commission" because judicial interference "would seriously impede the use and effectiveness of administrative tribunals in the many statutory schemes in which they operate"); *Thermal Ecology Must Be Preserved v. Atomic Energy Comm'n*, 433 F.2d 524, 525 (D.C. Cir. 1970) (per curiam) (denying motion to stay Atomic Energy Commission hearings where Commission had not entered final order, remarking that, ordinarily, "[a]n agency's procedural or evidentiary rulings in the course of a proceeding do not constitute a final order justifying judicial review").  "[O]nly in exceptional instances . . . will administrative orders dealing with discovery

---

[2] Insofar as plaintiff is challenging the alleged wrongful employment practices of her employer, the Department of the Navy, *see, e.g.,* Compl. ¶¶ 6-13, 16-20, her challenge is premature.  MSPB appears not to have reached a final decision in either of plaintiff's cases.  Even if it had, this Court "is precluded from either reviewing final decisions of MSPB or compelling MSPB to act in a certain manner because the Federal Circuit Court of Appeals has exclusive jurisdiction of an appeal from a final order or final decision of the MSPB." *Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 30 (D.D.C. 2016) (citations, internal quotation marks and brackets omitted); *Karangelen v. Holder*, No. 4:11-612-TLW-SVH, 2012 WL 831768, at *2, (D.S.C. Jan. 9, 2012) (explaining that the Civil Service Reform Act provides for judicial review of final MSPB orders "exclusively in the Federal Circuit Court of Appeals, not a district court").

of documents or matters of admissibility of evidence warrant judicial intervention prior to the final agency decision," *Barnes v. Chatterton*, 515 F.2d 916, 921 (3d Cir. 1975) (citations omitted), and Plaintiff has not demonstrated an exceptional circumstance in her case. That plaintiff must complete the MSPB process affects "only the timing, not the effectiveness of judicial review." *Id*.

Plaintiff faces a second hurdle: sovereign immunity. The United States is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). A claim against AJ Cassell in her official capacity, *see* Compl. at 3, is treated as if plaintiff brought the claim against MSPB directly. "A federal agency, such as the MSPB, cannot be sued without authorization from Congress . . . [and plaintiff] has not demonstrated that the United States has waived its sovereign immunity as to [her] claims." *Gossage v. Merit Sys. Prot. Bd.*, No. C16-5051 RBL, 2016 WL 1158695, at *2 (W.D. Wash. Mar. 23, 2016), *aff'd sub nom. Gossage v. Merit Sys. Prot. Bd.*, No. 16-35449, 2017 WL 5712813 (9th Cir. Mar. 2, 2017); *see Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 30 (D.D.C. 2016) (finding "no cause of action against MSPB for its processing of [plaintiff's] case"); *see also Bishop v. Dep't of Homeland Sec.*, No. 14-cv-5244 FLW, 2015 WL 2125782, at *4 (D.N.J. May 6, 2015) (stating that, "to the extent that Plaintiff attempts to bring a Section 1983 action against [the Department of Homeland Security], MSPB, and [Office of Personnel Management]—all federal agencies—this Court lacks subject matter jurisdiction because Congress has not authorized such a claim against these parties"), *aff'd sub nom. Bishop v. Dep't of Homeland Sec.*, 648 F. App'x 180 (3d Cir. 2016). The same rationale applies to plaintiff's claims against agency counsel in their official capacities, *see* Compl. at 3, as plaintiff fails to demonstrate a waiver of sovereign immunity with respect to her claims against the Department of the Navy.

An Order is issued separately.

/s/
AMIT P. MEHTA
United States District Judge

DATE: June 20, 2025